07 CRIM 1056

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                     :
UNITED STATES OF AMERICA             :

     - v. -                          :

YOUSEF BOUSHVASH,                    :
     a/k/a "Yousef Boush Vash,"
     a/k/a "Yousef Jafar Boushvash," 
     a/k/a "Pol Nelson,"
     a/k/a "Enrico Lasterra Sanchez,"
     a/k/a "Constantinos Kepas,"

                Defendant.

------------------------------------x

**SEALED
INDICTMENT**

07 Cr.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/07

## COUNT ONE

**(Conspiracy to Violate the Arms Export Control Act ("AECA") and
Smuggle Goods From the United States)**

          The Grand Jury charges:

          1.   From at least in or about Spring 2004, up to and

including in or about October 2007, in the Southern District of

New York and elsewhere, YOUSEF BOUSHVASH, a/k/a "Yousef Boush

Vash," a/k/a "Yousef Jafar Boushvash," a/k/a "Pol Nelson," a/k/a

"Enrico Lasterra Sanchez," a/k/a "Constantinos Kepas," the

defendant, and others known and unknown, unlawfully, willfully,

and knowingly did combine, conspire, confederate, and agree

together and with each other to commit offenses against the

United States, to wit, to violate Title 22, United States Code,

Section 2778.

          2.   It was a part and an object of the conspiracy that

YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash," a/k/a "Yousef Jafar

Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico Lasterra Sanchez,"
a/k/a "Constantinos Kepas," the defendant, and others known and
unknown, unlawfully, willfully, and knowingly, would and did
export, and cause to be exported, from the United States to
overseas locations, including Dubai, United Arab Emirates ("UAE")
and Bangkok, Thailand, defense articles listed on the United
States Munitions List ("USML"), to wit, military aviation parts
for, among other things, the F-14 military fighter jet, without
having first obtained from the United States Department of State,
Directorate of Defense Trade Controls ("DDTC"), a license, or
other written authorization, for such export, in violation of
Title 22, United States Code, Sections 2778(b)(2) and 2778(c),
and regulations promulgated thereunder.

  (Title 22, Code of Federal Regulations, Sections 120.6, 120.17,
       120.20, 121.1 (category VIII), 123.1, and 127.1).

        3.    It was further a part and an object of the
conspiracy that YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash,"
a/k/a "Yousef Jafar Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico
Lasterra Sanchez," a/k/a "Constantinos Kepas," the defendant, and
others known and unknown, unlawfully, willfully, and knowingly,
would and did use export control documents, to wit, airway bills
and invoices, containing false statements and misrepresenting and
omitting material facts for the purpose of exporting defense
articles and technical data listed on the USML, to wit, military
aviation parts for, among other things, the F-14 military fighter

2

jet, in violation of Title 22, United States Code, Sections

2778(b)(2) and 2778(c), and regulations promulgated thereunder.

(Title 22, Code of Federal Regulations, Sections 120.6, 120.17,
120.20, 121.1 (category VIII), 123.1, 127.1, and 127.2).

4.    It was further a part and an object of the

conspiracy that YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash,"

a/k/a "Yousef Jafar Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico

Lasterra Sanchez," a/k/a "Constantinos Kepas," the defendant, and

others known and unknown, unlawfully, fraudulently, and

knowingly, would and did export, and cause to be exported, from

the United States, merchandise, articles, and objects, and would

and did receive, conceal, buy, sell, and facilitate the

transportation, concealment, and sale of merchandise, articles,

and objects, prior to exportation, knowing the same to be

intended for exportation contrary to any law or regulation of the

United States, to wit, military aviation parts designated as

defense articles listed on the USML, contrary to laws and

regulations of the United States, to wit, Title 22, United States

Code, Sections 2778(b)(2) and 2778(c) and regulations promulgated

thereunder, in violation of Title 18, United States Code, Section

554.

## Overt Acts

5.    In furtherance of the conspiracy and to effect the

illegal objects thereof, the following overt acts, among others,

were committed in the Southern District of New York and

3

elsewhere:

        a.   On multiple occasions from in or about Summer 2005 to Summer 2006, a co-conspirator not named as a defendant herein ("CC-1") shipped military aviation parts designated as defense articles on the USML from the United States to YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash," a/k/a "Yousef Jafar Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico Lasterra Sanchez," a/k/a "Constantinos Kepas," the defendant, in Dubai, UAE.

        b.   On multiple occasions from in or about Summer 2006 through Fall 2006, a co-conspirator not named as a defendant herein ("CC-2") shipped military aviation parts designated as defense articles on the USML from the United States to YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash," a/k/a "Yousef Jafar Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico Lasterra Sanchez," a/k/a "Constantinos Kepas," the defendant, in Dubai, UAE.

        c.   On multiple occasions from in or about Winter 2006 through Spring 2007, a co-conspirator not named as a defendant herein ("CC-3") shipped military aviation parts designated as defense articles on the USML from the United States to YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash," a/k/a "Yousef Jafar Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico Lasterra Sanchez," a/k/a "Constantinos Kepas," the defendant, in Dubai, UAE.

4

d.    On airway bills and invoices associated with the above shipments, CC-1, CC-2, and CC-3 misrepresented the value of the content of those shipments.

e.    On multiple occasions from in or about Summer 2006 to Summer 2007, YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash," a/k/a "Yousef Jafar Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico Lasterra Sanchez," a/k/a "Constantinos Kepas," the defendant, contacted an Undercover Company ("the UC Company") operating out of New York, and solicited military aviation parts designated as defense articles on the USML.

f.    From in or about Summer 2005 to in or about October 2007, YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash," a/k/a "Yousef Jafar Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico Lasterra Sanchez," a/k/a "Constantinos Kepas," the defendant, arranged for the wire transfer of moneys from overseas to CC-1, CC-2, CC-3, and others, via the Federal Reserve Bank of New York and other New York banks, in exchange for military aviation parts designated as defense articles on the USML.

(Title 18, United States Code, Section 371.)

## COUNT TWO

### (Conspiracy to Commit Mail Fraud)

The Grand Jury further charges:

6.    From at least in or about Spring 2005, up to and including in or about October 2007, in the Southern

5

District of New York and elsewhere, YOUSEF BOUSHVASH, a/k/a
"Yousef Boush Vash," a/k/a "Yousef Jafar Boushvash," a/k/a "Pol
Nelson," a/k/a "Enrico Lasterra Sanchez," a/k/a "Constantinos
Kepas," the defendant, and others known and unknown, unlawfully,
willfully, and knowingly, did combine, conspire, confederate and
agree together and with each other to violate the laws of the
United States, to wit, to commit mail fraud in violation of Title
18, United States Code, Section 1341.

       7.  It was a part and an object of the conspiracy that
YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash," a/k/a "Yousef Jafar
Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico Lasterra Sanchez,"
a/k/a "Constantinos Kepas," the defendant, and others known and
unknown, unlawfully, willfully, and knowingly, having devised and
intending to devise a scheme and artifice to defraud, and for
obtaining money and property by means of false and fraudulent
pretenses, representations, and promises, for the purpose of
executing such scheme and artifice, and attempting so to do,
would and did deposit and cause to be deposited any matter and
thing whatever to be sent and delivered by any private or
commercial interstate carrier, and would and did take and receive
therefrom, any such matter and thing, and knowingly would and did
cause to be delivered by such carrier according to the direction
thereon, any such matter and thing, to wit, YOUSEF BOUSHVASH,
a/k/a "Yousef Boush Vash," a/k/a "Yousef Jafar Boushvash," a/k/a

"Pol Nelson," a/k/a "Enrico Lasterra Sanchez," a/k/a "Constantinos Kepas," the defendant, and others known and unknown, caused shipments of materials, including aviation parts, that undervalued the contents of those shipments for purposes of avoiding customs duties, to be exported to Dubai, UAE and other overseas locations, in violation of Title 18, United States Code, Section 1341.

(Title 18, United States Code, Section 1349.)

## COUNT THREE

### (Conspiracy to Commit Money Laundering)

8.    From at least in or about Spring 2005 up to and including in or about October 2007, in the Southern District of New York and elsewhere, YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash," a/k/a "Yousef Jafar Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico Lasterra Sanchez," a/k/a "Constantinos Kepas," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

9.    It was a part and an object of the conspiracy that YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash," a/k/a "Yousef Jafar Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico Lasterra Sanchez," a/k/a "Constantinos Kepas," the defendant, and others known and

unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, mail fraud, in violation of Title 18, United States Code, Section 1341, smuggling goods from the United States, in violation of Title 18, United States Code, Section 554, and illegal export of defense articles listed on the USML, in violation of Title 22, United States Code, Section 2778, (a) with the intent to promote the carrying on of specified unlawful activity, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) of Title 18, United States Code.

(Title 18, United States Code, Section 1956(h).)

## COUNT FOUR

### (Arms Export Control Act)

The Grand Jury further charges:

10.  From in or about Spring 2007 to Summer 2007, in the Southern District of New York and elsewhere, YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash," a/k/a "Yousef Jafar

8

Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico Lasterra Sanchez,"
a/k/a "Constantinos Kepas," the defendant, unlawfully, wilfully,
and knowingly attempted to cause to be exported from the United
States a defense article listed on the USML, to wit, a harness
assembly, part number 080-037-001, without having first obtained
a license, or other written authorization for such export from
the DDTC.

> (Title 18, United States Code, Section 2,
> Title 22, United States Code, Sections
> 2778(b)(2), (c); Title 22, Code of Federal
> Regulations, Section 121.1 (Category VIII),
> 123.1, 127.1.)

## COUNT FIVE

### (Smuggling Goods From the United States)

The Grand Jury further charges:

11.  From in or about Spring 2007 to in or about
October 2007, YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash," a/k/a
"Yousef Jafar Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico
Lasterra Sanchez," a/k/a "Constantinos Kepas," the defendant, did
receive, conceal, buy, sell, and facilitate the transportation,
concealment, and sale, of merchandise, articles, and objects,
prior to exportation, knowing the same to be intended for
exportation contrary to laws and regulations of the United
States, to wit, BOUSHVASH did arrange for the purchase and export
from the United States, of a defense article listed on the USML,
to wit, a harness assembly, part number 080-037-001, knowing that

it was intended to be exported contrary to Title 22, United States Code, Section 2778, and regulations promulgated thereunder.

(Title 18, United States Code, Sections 2, 554.)

## FORFEITURE ALLEGATIONS

(As to Counts One, Two, Four, and Five)

12.  As a result of committing one or more of the offenses alleged in Counts One, Two, Four, and Five of this Indictment, in violation of 18 U.S.C. §§ 371, 554, and 1349, and 22 U.S.C. § 2778, and regulations promulgated thereunder, YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash," a/k/a "Yousef Jafar Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico Lasterra Sanchez," a/k/a "Constantinos Kepas," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One, Two, Four, and Five of this Indictment, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offense.

## Substitute Assets Provision

13.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (1)  cannot be located upon the exercise of due diligence;

> (2)  has been transferred or sold to, or deposited

10

with, a third party;

    (3)   has been placed beyond the jurisdiction of the court;

    (4)   has been substantially diminished in value; or

    (5)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

### FORFEITURE ALLEGATIONS

(As to Count Three)

14.  As a result of committing the money laundering offense alleged in Count Three of this Indictment, YOUSEF BOUSHVASH, a/k/a "Yousef Boush Vash," a/k/a "Yousef Jafar Boushvash," a/k/a "Pol Nelson," a/k/a "Enrico Lasterra Sanchez," a/k/a "Constantinos Kepas," the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to, a sum of money representing the amount of property that was involved in the money laundering offense or is traceable to such property.

## Substitute Assets Provision

15.  If any of the above-described forfeitable

property, as a result of any act or omission of the defendant:

       (1)  cannot be located upon the exercise of due diligence;

       (2)  has been transferred or sold to, or deposited with, a third party;

       (3)  has been placed beyond the jurisdiction of the court;

       (4)  has been substantially diminished in value; or

       (5)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C.

§ 982(b), to seek forfeiture of any other property of said

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1956.)

MICHAEL J. GARCIA
United States Attorney

Deputy

FOREPERSON

12